## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## AT HUNTINGTON

MARY MUNCY, EXECUTRIX OF THE
ESTATE OF EDGAR H. MUNCY, SR.,
DECEASED,

                Plaintiff,

v.                                       CIVIL ACTION NO. 3:19-cv-00361

MARSHALL UNIVERSITY BOARD
OF GOVERNORS,

                Defendants.

## C O M P L A I N T

Come now the Plaintiff, Mary Muncy, Executrix of the Estate of Edgar H. Muncy, Sr., by counsel, and hereby files this Complaint against Defendant, Marshall University Board of Governors, as follows:

### PARTIES, JURISDICTION AND VENUE

1.    Jurisdiction is founded on diversity of citizenship and amount:

    (a)    Plaintiff, Mary Muncy, is a resident of Louisa Lawrence County, Kentucky.  At all times relevant to the Complaint, Mary Muncy and Edgar  H. Muncy, Sr., were married and residents Louisa, Lawrence County, Kentucky.  Plaintiff is a citizen of a state different from the state of Defendant and Defendant's principal place of business.

    (b)    Edgar H. Muncy, Sr. died on August 8, 2017, and Plaintiff, Mary Muncy, was appointed Executrix of the Estate of  Edgar H. Muncy, Sr. by the Lawrence District Court, Probate Division, by an

order dated August 31, 2017.  Edgar H. Muncy, Sr. is survived by his wife and children.

(c)     Defendant, Marshall University Board of Governors (hereinafter called "MUBOG"), is located and has its principal place of business in Huntington, Cabell County, West Virginia.  MUBOG conducts, supervises and controls the business, employment, educational and medical affairs of Marshall University including, but not limited to, the Joan C. Edwards School of Medicine and University Physicians and  Surgeons, Inc. doing business as Marshall Health.  All acts done herein were done by Defendant, its agents, servants, employees, businesses, health care facilities and/or owners including, but not limited to, the Joan C. Edwards School of Medicine and University Physicians and Surgeons, Inc. doing business as Marshall Health, acting in the course and scope of their respective agencies, services, employment, businesses and/or ownership.

2.     The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

3.     The matters in controversy arose out of acts or omissions that occurred in Cabell County, West Virginia.

4.     Jurisdiction and venue are proper in the United States District Court for the Southern District of West Virginia.

**FACTUAL BACKGROUND**

5.      Plaintiff reasserts paragraphs numbered 1-4 of this Complaint as if fully stated verbatim herein.

6.      Edgar H. Muncy was a 74 year old male with a history of bladder cancer,
A-fib, cardiovascular disease, COPD, Hypertension, Hyperlipidemia, and Osteoarthritis.

7.      On June 28, 2017 Mr. Muncy was seen by Dr. Yoost, a urologist in Kentucky, for
hematuria, right hydronephrosis and a suspicious moth eaten appearance of the right mid ureter.
Dr. Yoost performed a cystoscopy and documented the characteristic appearance of cancer, but
was unable to obtain a piece of the lesion in the biopsy basket for pathology.

8.      Dr. Yoost consulted with a urologist of Defendant (hereinafter called
"Defendant's Urologist") for further evaluation and treatment.  Dr. Yoost's records were sent
with the patient to the Defendant's Urologist.

9.      Edgar H. Muncy, Sr. went to Defendant's Urologist's office on June 28, 2017
with limited medical records.   Mr. Muncy's initial screening assessment performed by
Defendant's Urologist's office, documented that  Mr. Muncy had a history of heart disease and
stents, irregular heart rhythm, palpitations, difficulty breathing on exertion, shortness of breath ,
dizziness, lightheadedness, ankle swelling and that he uses a C-CAP at home.

10.      Defendant's Urologist noted that "Impression is not available for this patient,"
and that, "There are no lab results for this patient."  Defendant's Urologist also documented Mr.
Muncy's history and physical, "Per patient, mass was noted and patient referred here."
Defendant's Urologist acknowledged in his notes that Mr. Muncy had:

    a.      atrial fibrillation;

    b.      cardiovascular disease;

    c.      stents;  and

    d.      is on Warfarin 5mg daily.

11.     Defendant's Urologist first wrote for a Cysto/Retro/Bx.  He then crossed out that plan and wrote "Right Nephrectomy."  Defendant's Urologist also ordered labs, a CT scan and surgery was scheduled for July 13, 2017.

12.     On July 10, 2017, a CT scan of the abdomen and pelvis was performed and revealed, NO SUSPICIOUS MASS OR ADENOPATHY, right sided ureteral stent with interval RESOLUTION of the right sided hydronephrosis, and an enlarged prostate.  Defendant's Urologist was aware of the CT's results.

13.     Despite the findings on the CT scan, which revealed no mass, Mr. Muncy was prepped for a right nephrectomy to be performed by Defendant's Urologist on July 13, 2017.

14.     During pre-op on July 13, 2017, Mr. Muncy's blood pressure and heart rate were within normal limits.  Shortly after anesthesia induction, Mr. Muncy started to experience bradycardia and episodes of hypotension requiring medication, including ephedrine, during the procedure.

15.     Approximately three (3) hours into the surgery, Mr. Muncy experienced profound bradycardia and hypotension requiring emergent resuscitation. Regardless, Defendant's Urologist resumed the surgery for approximately one (1) hour.  Mr. Muncy remained unstable through the remainder of the surgical procedure.

16.     Following surgery, Mr. Muncy was being taken to post anesthesia care unit when he immediately coded and was emergently taken to the cath lab where he coded multiple times. Mr. Muncy required stent placements, a balloon pump and was thereafter admitted to the ICU where he was placed on a mechanical ventilator in critical condition.

17.     While in ICU, two (2) more surgical procedures were required for Mr. Muncy due to hemorrhagic shock caused by bleeding from the nephrectomy site.

18.    Mr. Muncy also suffered kidney failure due to hypotension during his cardiac events.  Surgery was consulted and a Resident of the Defendant unsuccessfully attempted three (3) times to cannulate the femoral vein with a vas-cath, but cannulated the femoral artery. The vas-cath was removed, but the femoral artery had been torn resulting in excessive bleeding which lead to hemorrhagic shock.

19.    Multiple attempts to repair the femoral artery were made without success.  Mr. Muncy's anticoagulation had to be stopped due to bleeding complications.  As the result, clots formed in the new stents causing cardiac arrest.

20.    As the result of the medical treatment and care provided by Defendant, its agents, servants or employees, Edgar H. Muncy, Sr., died on August 8, 2017.[1]

21.    This medical professional liability action arises out of the medical care and treatment rendered to Edgar H. Muncy, Sr., by Defendant, its agents, servants or employees, from June 28, 2017 to August 8, 2017.

22.    Defendant employed executives, administrators, physicians, nurses, personnel, employees, and/or other health care professionals and agents, and held them out and warranted them to the public to be competent, careful and experienced in the care and treatment of patients and in the oversight of staff in its health care facilities and operations.

23.    Plaintiff fully complied with the pre-suit notification requirements found at W.Va.Code § 55-7B-6 and the Defendant did not elect mediation.  A copy of the screening certificate of merit will/can be filed by Plaintiff if required or requested by Defendant.

---

[1] A pathology report performed by or on behalf of Defendant, its agents, servants or employees, on July 13, 2017, confirmed that Mr. Muncy *did not* have ureteral cancer.

24.     Certain claims asserted by the Plaintiff may fall within the Medical Professional Liability Act's cap on non-economic damages and Plaintiff reserves the right to challenge the constitutionality of the same.

## COUNT I

25.     Plaintiff reasserts paragraphs numbered 1-24 of this Complaint as if fully stated verbatim herein.

26.     At all times relevant to this civil action, Defendant, its agents, servants and employees, had duties:

    (a)     to use reasonable care in providing medical care to their patients;

    (b)     to select and retain only competent agents and employees;

    (c)     to oversee all persons who provide medical care within the walls of their facility as to patient care;

    (d)     to formulate, adopt and enforce adequate rules, policies and procedures to ensure quality care for their patients;  and

    (e)     to provide a safe environment for patients.

27.     Moreover, Defendant, its agents, servants or employees, breached their duties to Edgar H. Muncy, Sr., by failing to formulate, adopt, enforce and apply adequate rules, policies and procedures to ensure Mr. Muncy's safety and care during the course of his treatment and care.

28.     As a direct and proximate result of the negligence and deviation of the standard of care by Defendant, its agents, servants and employees, Edgar H. Muncy, Sr. suffered extreme pain, suffering and mental anguish prior to his death and various other damages set forth in West

Virginia law.  Plaintiff is entitled to recover damages as set forth in the West Virginia Code § 55-7-8 on behalf of the Estate of Edgar H. Muncy, Sr.

29.     As a direct and proximate result of the negligence and deviation of the standard of care by Defendant, its agents, servants and employees, the Estate of Edgar H. Muncy, Sr. has sustained injuries and has suffered damages, including but not limited to, sorrow, mental anguish and solace, loss of income of the decedent, loss of income of the decedent from future earning capacity, loss of services, protection, care and assistance provided by the decedent, loss of consortium, medical bills and expenses, expenses for funeral bills and services, and various other damages that the Plaintiff is entitled to recover as set forth in the West Virginia Wrongful Death Statute on behalf of the Estate of Edgar H. Muncy, Sr.

WHEREFORE, Plaintiff, as the duly appointed Executrix of the Estate of Edgar H. Muncy, Sr. demands judgment against the Defendant in an amount that will reasonably compensate the Estate of Edgar H. Muncy, Sr. for its injuries, damages, expenses, attorney fees, court costs, plus prejudgment interest and interest on any verdict rendered herein.

A trial by jury is demanded.

## COUNT II

30.     Plaintiff reasserts paragraphs numbered 1-29 of this Complaint as if fully stated verbatim herein.

31.     This medical professional liability action arises out of the medical care and treatment Edgar H. Muncy, Sr. received from Defendant, its agents, servants and employees, from June 28, 2017 to August 8, 2017.

32.     Plaintiff fully complied with pre-suit notification requirements found at W.Va. Code §55-7B-6.

7

33.     At all times relevant to this civil action, Defendant, its agents, servants and employees, were negligent in the care and treatment of Edgar H. Muncy, Sr.

34.     Defendant, acting by and through its agents, servants and employee, deviated from the standard of care by failing to exercise that degree of care, skill and learning required or expected of reasonable, prudent health care providers in the profession or class to which the health care provider belongs acting in the same or similar circumstances during the care and treatment of Edgar H. Muncy, Sr.

35.     Defendant, its agents, servants and employees, negligently rendered health care services to Edgar H. Muncy, Sr.

36.     Such negligence was a breach of the standard of care and was a contributing proximate cause of Edgar H. Muncy, Sr's injuries, death and damages.

37.     As a direct and proximate result of the negligence and deviation of the standard of care by Defendant, its agents, servants and employees,  Edgar H. Muncy, Sr. suffered extreme pain, suffering and mental anguish prior to his death and various other damages set forth in West Virginia law.  Plaintiff is entitled to recover damages as set forth in the West Virginia Code § 55-7-8 on behalf of the Estate of  Edgar H. Muncy, Sr.

38.     As a direct and proximate result of the negligence and deviation of the standard of care by Defendant, its agents, servants and employees, the Estate of Edgar H. Muncy, Sr. has sustained injuries and has suffered damages, including but not limited to, sorrow, mental anguish and solace, loss of income of the decedent, loss of income of the decedent from future earning capacity, loss of services, protection, care and assistance provided by the decedent, loss of consortium, medical bills and expenses, expenses for funeral bills and services, and various other

damages that the Plaintiff is entitled to recover as set forth in the West Virginia Wrongful Death Statute on behalf of the Estate of  Edgar H. Muncy, Sr.

WHEREFORE, Plaintiff, as the duly appointed Executrix of the Estate of Edgar H. Muncy, Sr. demands judgment against the Defendant in an amount that will reasonably compensate the Estate of Edgar H. Muncy, Sr. for its injuries, damages, expenses, attorney fees, court costs, plus prejudgment interest and interest on any verdict rendered herein.

A trial by jury is demanded.

## COUNT III

39.     Plaintiff reasserts paragraphs numbered 1-38 of this Complaint as if fully stated verbatim herein.

40.     At all times relevant to the Complaint, the Defendant, its agents, servants and employees,   acted maliciously, wantonly, mischievously or with criminal difference to civil obligations, providing medical treatment or care to Edgar H. Muncy, Sr. resulting in injuries and damages.

41.     As a direct and proximate result of the Defendant, its agents, servants or employees, acting maliciously, wantonly, mischievously or with criminal indifference to civil obligations, Edgar H. Muncy, Sr.  suffered extreme pain, suffering  and mental anguish prior to her death and various other damages set forth in West Virginia law Plaintiff is entitled to recover as set forth in the West Virginia Wrongful Death Statute on behalf of the Estate of Edgar H. Muncy, Sr.

42.     As a direct and proximate result of the Defendant, its agents, servants or employees, acting maliciously, wantonly, mischievously or with criminal indifference to civil obligations, the Estate of Edgar H. Muncy, Sr. has sustained injuries and has suffered damages,

including but not limited to, sorrow, mental anguish and solace, loss of income of the decedent,

loss of income of the decedent from future earning capacity, loss of services, protection, care and

assistance provided by the decedent, loss of consortium, medical bills and expenses, expenses for

funeral bills and services, and various other damages that the Plaintiff is entitled to recover as set

forth in the West Virginia Wrongful Death Statute on behalf of the Estate of Edgar H. Muncy,

Sr.

WHEREFORE, Plaintiff, as the duly appointed Executrix of the Estate of Edgar H.

Muncy, Sr., demands judgment against Defendant in an amount that will reasonably

compensate the Estate of Edgar H. Muncy, Sr. for its injuries, damages, punitive damages,

expenses, attorney fees, court costs, plus prejudgment interest and interest on any verdict

rendered herein.

A trial by jury is demanded.


**/s/  Bert Ketchum**
Bert Ketchum (WVSB #6618)
Larry A. Bailey (WVSB #211)
GREENE, KETCHUM,
FARRELL, BAILEY & TWEEL LLP
P.O. Box 2389
Huntington, WV 25724-2389
(304) 525-9115